Submitted on the record December 22, 2000, resubmitted January 16, accused disbarred February 1, 2001

In re Complaint as to the Conduct of

## PAUL F. GLOYN,
*Accused.*

(OSB 98-70, 98-71, 98-79, 99-111, 99-112, 99-113; SC S47962)

16 P3d 1152

▮

▮

Jane E. Angus, Assistant Disciplinary Counsel, Lake Oswego, filed the brief for the Oregon State Bar.

No appearance *contra.*

PER CURIAM

▮

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar alleged that the accused violated the following Disciplinary Rules: DR 1-102(A)(2) (engaging in criminal conduct that reflects adversely on lawyer's honesty, trustworthiness, or fitness to practice law);[1] DR 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(4) (engaging in conduct prejudicial to administration of justice); DR 1-103(C) (failing to cooperate with disciplinary investigation); DR 2-106(A) (charging illegal or excessive fees); DR 7-102(A)(5) (knowingly making false statements of law or fact); DR 9-101(A) (failing to deposit and maintain client funds in trust account); DR 9-101(C)(3) (failing to account for client funds); and DR 9-101(C)(4) (failing to deliver client funds promptly). The accused, who left Oregon, was served by publication and did not file an answer or otherwise appear in this proceeding. Accordingly, a trial panel of the Disciplinary Board entered a default order. Subsequently, following a sanction hearing, the trial panel decided that the accused should be disbarred.

Bar Rule of Procedure (BR) 10.6 provides, in part:

"The court shall consider each matter de novo upon the record and may adopt, modify or reject the decision of the trial panel * * * in whole or in part and thereupon enter an appropriate order. If the court's order adopts the decision of the trial panel * * * without opinion, the opinion of the trial panel * * * shall stand as a statement of the decision of the court in the matter but not as the opinion of the court."

Under the facts of this proceeding, an exhaustive discussion of the accused's multiple acts of misconduct would not benefit the public or the bar. On *de novo* review, we adopt the trial panel's decision. BR 10.6.

The accused is disbarred.

---

[1] In August 1999, a Coos County grand jury indicted the accused on numerous criminal charges. Based on the accused's default in this proceeding, the accused is deemed to have committed racketeering, ORS 166.720; compelling prostitution, ORS 167.017; delivery of a controlled substance, ORS 475.992; promoting prostitution (two counts), ORS 167.012; sexual abuse in the second degree (two counts), ORS 163.425; coercion, ORS 163.275; theft in the first degree, ORS 164.055; sexual abuse in the third degree, ORS 163.415; and publicly displaying nudity or sex for advertising purposes, ORS 167.090.